UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM BESS, | ) CV 07-1989 LEW-JFM |
| Plaintiff, | ) **ORDER GRANTING IN PART AND** |
| v. | ) **DENYING IN PART CDCR** |
| | ) **DEFENDANTS' MOTION TO** |
| MATTHEW CATE et al. | ) **DISMISS** |
| | ) **ORDER GRANTING REQUESTS** |
| Defendants. | ) **FOR JUDICIAL NOTICE** |

Currently before this Court are: (1) Defendants Tilton, Hickman, Woodford, Dovey, Kernan and Hoshino (hereafter "CDCR Defendants") Motion to Dismiss[1], (2) CDCR Defendants' Request for Judicial Notice, and (3) Plaintiff's Request for Judicial Notice.  The Court took this matter under submission on February 28, 2008. Having considered all papers submitted pertaining to the above Motions, **THE COURT NOW FINDS AND RULES AS**

---

[1] This order does not address the Motion to Dismiss from Defendants Cate and Shaw ("OIG Defendants")

**FOLLOWS:**

A.   Requests for Judicial Notice

The Court **GRANTS** CDCR Defendants' Request for Judicial Notice.  Under Fed. R. Evid. 201, Judicial Notice may be taken of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Here, Defendants have provided supporting documents which will satisfy this evidentiary standard.

Similarly the Court **GRANT** Plaintiff's Request for Judicial Notice.  Of note, although the Court will take judicial notice of the representations made by Plaintiff in his complaint to the California Victim Compensation and Government Claims Board, it will not and cannot take notice of the "veracity of the arguments or disputed facts contained therein." United States v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 974. (E.D. Cal. 2004).

B.   Defendants' Motion to Dismiss

*1. Standard for Motion to Dismiss*

In a FRCP 12(b)(6) Motion to Dismiss, "all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the Plaintiff."  McGary v. City of Portland, 386 F.3d

2

1259, 1261 (9th Cir. 2004). A dismissal is only appropriate "if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120 (9th Cir. 2007). However, "a formulaic recitation of the elements of a cause of action will not do... allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

*2. Statute of Limitations*

Under Cal. Gov't Code 810 et seq., the limitations period applicable to § 1983 claims is equitably tolled when three elements are satisfied: (1) timely notice to the defendants in filing the first claim; (2) lack of prejudice to the defendants in gathering evidence for the second claim; (3) good faith and reasonable conduct in filing the second claim. Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993).

Because Plaintiff filed his claim to the Compensation Board on May 24, 2006, and subsequently filed a late-claim application, Plaintiff satisfied the timely notice element from Cervantes. Meanwhile, the factual similarity between the Compensation Board claim and the present action provided Defendants with the

2

opportunity to identify the sources of evidence needed to defend the present action. Moreover, there are no facts to indicate Plaintiff acted in bad faith in waiting to file the present action until after the Compensation Board claim was denied. Altogether, the three elements from <u>Cervantes</u> are met, and the equitable tolling doctrine applies. As a result, Plaintiff may base his complaint on any act occurring after November 24, 2004.[2]

*2. Free Speech Retaliation Claim*

Plaintiff alleges that the CDCR Defendants conspired to deprive him of his right to free speech. In the 9th Circuit, "[P]laintiffs alleging a conspiracy to deprive them of their constitutional rights must include in their complaint nonconclusory allegations containing evidence of unlawful intent." <u>Harris v. Roderick</u>, 126 F.3d 1189, 1195 (9th Cir. 1997). However, "[t]hese allegations may be supported by either direct or circumstantial evidence. This standard is not intended to be difficult to meet." <u>Id.</u>

With respect to Defendant Tilton, Plaintiff has alleged no facts on which the Court could reasonably

---

[2] The Compensation Board claim was filed on May 24, 2006, and was completed on March 31, 2007, for a period of 302 days. Adding 302 days to the two-year limitations period from the date of filing pushes the bar date back to November 24, 2004.

3

infer his involvement in the conspiracy.  Indeed, Plaintiff has failed to allege sufficient facts to state any claim against Tilton.  Therefore, Tilton's Motion to Dismiss is **GRANTED** and all claims against him are dismissed.

As to the other CDCR Defendants, Plaintiff has pled sufficient facts to allow the Court to reasonably infer the existence of a conspiracy.  Therefore, the Motion to Dismiss is **DENIED** as to the other CDCR Defendants.

*3. Deprivation of Property Rights*

Permanent state employees hold a property interest in their job which is protected by Due Process. Freitag v. Ayers, 468 F.3d 528, 548 (9th Cir. 2006). This interest contains the right to continued employment free from disciplinary measures without cause.  Skelly v. State Personnel Bd., 15 Cal. 3d 194, 207-08 (1975).  One type of disciplinary measure is a constructive discharge.  A constructive discharge occurs when, under the totality of the circumstances, "a reasonable person in [the employee's] position would have felt he was forced to quit because of intolerable and discriminatory working conditions."  Sanchez v. City of Santa Ana, 915 F.2d 424, 431 (9th Cir. 1990).

Here, Plaintiff has adequately alleged facts that would entitle him to relief on a constructive discharge

4

theory as he claims that he was constructively discharged as a result of CDCR Defendants' actions. However, this does not end the inquiry.

Although <u>Skelly</u> clearly established a general proposition that state employees are entitled to continued employment without undue discipline, Defendants may be entitled to qualified immunity on their actions. As the Supreme Court explained in <u>Anderson v. Creighton</u>, 483 U.S. 635, 640, "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Here, the unlawfulness of Defendants' alleged actions are not readily apparent. Plaintiff has claimed an infringement on his property rights by combining the constructive discharge doctrine of <u>Sanchez</u> with the general proposition from <u>Skelly</u>. While this is a valid legal argument, the law is not so clearly established as to defeat qualified immunity. Therefore, because qualified immunity exists, Plaintiff may only pursue prospective relief on his deprivation of property rights claim, and may not pursue damages. <u>Vance v. Barrett</u>, 345 F.3d 1083, 1091 n.10 (2003).

*4. Deprivation of Liberty Rights*

State laws do not create a protected liberty interest unless the law itself places substantive

5

limits on official discretion.  <u>See</u> <u>White v. Lambert</u>, 370 F.3d 1002, 1013 (9th Cir. 2004); <u>Meachum v. Fano</u>, 427 U.S. 215, 228-229 (1976).

Here, Plaintiff argues that under Cal. Gov't Code § 8547.3(a), state law places substantive limits on Defendants' discretion.  This argument is persuasive.  The statute is quite clear that any interference with the rights provided by the Whistleblower Protection Act is barred.  Plaintiff has alleged sufficient facts for the Court to reasonably infer that Defendants interfered with Plaintiff's right to report governmental corruption free from retaliation.  At the pleading stage, this is sufficient to avoid dismissal.  Moreover, because the alleged right deprived is contained in a statute, it is a clearly established right, and Defendants have no immunity on this claim.

*5. RICO Claim*

In order to plead a violation under RICO, Plaintiff must allege four elements: (1) existence of an enterprise affecting or engaged in interstate commerce, (2) defendant employed by or associated with the enterprise, (3) defendant participated in the enterprise's affairs, and (4) a pattern of racketeering activity.  18 U.S.C. § 1962(c).

6

Here, Plaintiff has alleged sufficient facts to state a RICO violation. Under 18 U.S.C. §1961(4) enterprise is broadly defined to include any "legal entity" or any group of individuals "associated-in-fact". Plaintiff's complaint clearly alleges that Defendants are a legal entity, and are factually associated to OIG Defendants. As to the Interstate Commerce requirement, the Court in <u>United States v. Juvenile Male</u>, 118 F.3d 1344, 1349-50 (9th Cir. 1997) stated that the requirement is satisfied by proof of a probable or potential impact. Because the required connection to is so slight,[3] the fact that the alleged enterprise may have some imaginable de minimus impact on interstate commerce is sufficient.

Plaintiff needs only allege that Defendants played "some part in directing the enterprise's affairs." <u>Reves v. Ernst & Young</u>, 507 U.S. 170, 179 (1993). If the enterprise is CDCR, then Defendants, as high level directors of the organization, certainly took part in CDCR's affairs. And, if the enterprise is the association-in-fact between CDCR Defendants and OIG

---

[3] <u>See, e.g.</u>, <u>United States v. Pascucci</u>, 943 F.2d 1032, 1035 (9th Cir. 1991) (defendant threatened to deliver embarrassing audio tapes to his victim's employer, a corporation engaged in interstate commerce); <u>United States v. Phillips</u>, 577 F.2d 495, 501 (9th Cir. 1978) (defendant's extortion threatened the depletion of resources from a business engaged in interstate commerce').

7

1  Defendants, CDCR Defendants would be the enterprise.
2      Lastly, Plaintiff has alleged sufficient facts to
3  plead a pattern of racketeering activity.  18 U.S.C.
4  §1861 defines racketeering activity to include a wide
5  variety of acts.  Here, Plaintiff has alleged two acts
6  of attempted bribery, under 18 U.S.C. § 1510(a). 18
7  U.S.C. § 1510(a) requires that Defendant endeavored to
8  "obstruct, delay, or prevent the communication of
9  information" to investigators. Taking Plaintiff's
10 allegations of material fact as true, it is not
11 illogical to infer that there may have been an attempt
12 by Defendants to delay the communication of information
13 through bribery.
14     Plaintiff also alleges obstruction of justice under
15 18 U.S.C. § 1512(b)(3), (d)(1) and (d)(2).  These
16 claims are also sufficiently supported by the
17 Plaintiff's allegations of fact.
18     The Court also finds a sufficient causal nexus
19 between the alleged RICO violations and Plaintiff's
20 injury.  Plaintiff's injuries would not have arisen but
21 for Defendants' actions, and they are certainly
22 foreseeable consequences of those actions.  Thus,
23 Plaintiff's RICO claim against CDCR Defendants should
24 not be dismissed at this time.
25 ///
26 ///

8

///

C. <u>Conclusion</u>

CDCR Defendants' Motion to Dismiss Defendant Tilton is **GRANTED**. Defendant Tilton is dismissed from the action. Plaintiff hereby has 20 days leave to amend the complaint to properly include Tilton.

CDCR Defendants' Motion to Dismiss all other Defendants is **DENIED**. However, Plaintiff's claim of deprivation of property rights under § 1983 cannot proceed because CDCR Defendants have qualified immunity.

**IT IS SO ORDERED.**

_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Judge

DATED: March 13, 2008

9