BROOKS M. BEARD (CA Bar No. 181271)
Email: bbeard@mofo.com
DAVID E. MELAUGH (CA Bar No. 219477)
Email: dmelaugh@mofo.com
J. RYAN GILFOIL (CA Bar No. 246493)
Email: jgilfoil@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

EDWARD J. CADEN (CA Bar No. 166922)
Email: ejcaden@surewest.net
LAW OFFICE OF EDWARD J. CADEN
8217 Manger Way
Citrus Heights, California 95610-0570
Telephone: (916) 729-3172
Facsimile: (916) 723-2596

Attorneys for Plaintiff SAM BESS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM BESS, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW CATE, DAVID SHAW, JAMES TILTON, RODERICK HICKMAN, JEANNE WOODFORD, JOHN DOVEY, SCOTT KERNAN, and MARTIN HOSHINO, <br><br> Defendants. | Case No. 2:07-CV-01989-JAM-JFM <br><br> **PROTECTIVE ORDER** <br><br> Judge: Hon. John A. Mendez |

[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:07-CV-01989-LEW-JFM
sf-2470404

PDF created with pdfFactory trial version www.pdffactory.com

1    1.     Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and it appearing that
2    discovery in this action will involve the disclosure of confidential information, it is hereby
3    stipulated by and between Plaintiff Sam Bess ("Plaintiff") and Defendants Matthew Cate, David
4    Shaw, Roderick Hickman, Jeanne Woodford, John Dovey, Scott Kernan, and Martin Hoshino
5    (together, "Defendants"), collectively referred to as the "Parties" and individually referred to as
6    "Party," through their respective counsel, and ordered that the following Protective Order be
7    entered to give effect to the terms and conditions set forth below:
8    2.     "Designating Party" means any one of the Parties producing Documents or
9    information under this Protective Order.
10   3.     "Document" or "Documents" shall have the broadest meaning permitted under
11   Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of
12   Evidence, and relevant case law.
13   4.     "Protected Information" includes the following categories of information, and
14   shall include Documents produced during discovery, answers to interrogatories, responses to
15   requests for admissions, depositions, hearing or trial transcripts, and tangible things, the
16   information contained therein, and all copies, abstracts, excerpts, analyses, or other writings that
17   contain, reflect, or disclose such information.
18   A.     **"CONFIDENTIAL"** designates information that a Designating Party reasonably
19   believes to be confidential due to safety or security reasons, that is not readily available to the
20   public, and/or the disclosure of which is likely to result in imminent or substantial endangerment
21   to an inmate or prison employee.
22   B.     "**REDACTED & CONFIDENTIAL**" designates information that the
23   Designating Party reasonably believes contains information that must be redacted to protect an
24   inmate or prison employee from imminent and substantial endangerment, or that reflects
25   information that may be protected under various privacy laws. Information that may be redacted
26   includes only:  (i) names; (ii) current home addresses; (iii) current home or personal telephone
27   numbers; (iv) social security numbers; and (v) inmate number or other identifying reference.
28   Each redaction must be identified by showing what information has been redacted (*i.e.*, "current

[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:07-CV-01989-LEW-JFM
sf-2470404

1

PDF created with pdfFactory trial version www.pdffactory.com

address," "current home telephone," "social security number," etc.). If a name is redacted, the name must be replaced with an identifier (*i.e.*, "CSP-SAC Prison Inmate 1, "CSP-SAC Employee 1," "CDCR Official 1," "OIG Official 1," etc.) so that each person can be tracked in the Documents. The identifiers must remain consistent across all Documents.

    C.    The designation of information as "**CONFIDENTIAL**" or "**REDACTED & CONFIDENTIAL**" is limited to information falling into one or more of the following categories:

        i.    Prison, CDCR, or OIG policies, operational procedures, rules, or regulations that have previously been designated as confidential;

        ii.    personnel documents;

        iii.    post orders;

        iv.    investigation documents;

        v.    documents contained in the central prison file, medical file, or parole files of an inmate or former inmate;

        vi.    any personal information regarding an inmate, former inmate, or staff member employed or formerly employed by the CDCR or OIG;

        vii.    information regarding the identity of a confidential informant and confidential investigations; and

        viii.    the information addressed in Eastern District of California Local Rule 39-140, including minors' names, financial account numbers, social security numbers, and dates of birth.

However, information falling within these categories does not, solely by virtue of that fact, merit designation as "CONFIDENTIAL" or "REDACTED & CONFIDENTIAL." Such information must also meet the criteria described in Paragraphs 4.A and 4.B, respectively, to merit those designations.

    D.    Protected Information shall not include: (i) information that is in the public domain at the time of disclosure; (ii) information that after disclosure is published or becomes part of the public domain through no fault or action (in whole or in part) of any Party receiving

PDF created with pdfFactory trial version www.pdffactory.com

1  information under this Protective Order, but only after it is published or comes into the public
2  domain; (iii) information that is in the possession of a Party receiving such information without
3  any confidentiality obligations at the time of disclosure; or (iv) information disclosed by a third
4  party without any confidentiality obligations at the time of disclosure.

5      5.    This Protective Order shall apply to all Protected Information exchanged by any
6  Party, including, without limitation, Documents, things, other discovery materials, transcripts,
7  depositions, testimony, or other papers produced, filed, generated, or served by a party in this
8  litigation.

9      6.    All Protected Information produced and designated as confidential hereunder shall
10  have stamped or affixed on each page that contains Protected Information the appropriate
11  confidentiality classification—either "CONFIDENTIAL" or "REDACTED &
12  CONFIDENTIAL" — and the designation "Case No. 2:07-CV-01989-LEW-JFM (E.D. Cal.)" at
13  the time such materials, or copies thereof, are delivered to the receiving party, or within ten (10)
14  court days thereafter in the event such labeling or marking is inadvertently omitted.  Until ten (10)
15  court days have elapsed after receipt, the reviewing party will treat Documents and things that
16  have been received and that have not been designated "CONFIDENTIAL" or "REDACTED &
17  CONFIDENTIAL" as if they had been designated with the "CONFIDENTIAL" or
18  "REDACTED & CONFIDENTIAL" classification.  The parties will use due care to designate as
19  Protected Information only Documents or other materials that truly encompass such information.

20      7.    Protected Information that has been classified as "CONFIDENTIAL" or
21  "REDACTED & CONFIDENTIAL" may be disclosed only to the following:
22      A.    outside counsel for the receiving party and their clerical and paralegal staffs and
23  litigation support providers (for example, outside copy services, coding and imaging vendors,
24  graphic art and visual aid providers, or jury consultants) whose duties and responsibilities require
25  access to Protected Information;
26      B.    Mr. Bess and Defendants;
27      C.    experts and consultants who are requested by counsel of the receiving party to
28  furnish technical, legal, expert, or other specialized services in connection with this litigation;

PDF created with pdfFactory trial version www.pdffactory.com

1      D.      an officer before whom a deposition is taken, including stenographic reporters and
2 any necessary secretarial, clerical, or other lay personnel of such officer; and
3      E.      any other person to whom the parties agree in writing or as allowed by the Court.
4   8.      No Protected Information shall be provided to any person covered by subparts B
5 and C of Paragraph 7 until each such person has been provided with a copy of this Protective
6 Order, reviewed it, and signed the Certification attached hereto as Exhibit A.
7   9.      Designations of Discovery
8      A.      Depositions may be designated as Protected Information in accordance with this
9 Order: (a) in the course of the deposition, orally on the record; or (b) by notifying the other party
10 in writing, within ten (10) court days of receipt of the transcript by the parties, of the pages and
11 lines of the transcript that contain the Protected Information.

12           i.      All depositions shall presumptively be treated as Protected
13                Information marked with the "CONFIDENTIAL" designation in
14                accordance with the definition above and subject to this Order
15                during the deposition and for a period of ten (10) court days after a
16                transcript of said deposition is received by the Parties.
17           ii.     Counsel of record for the Designating Party may also request that
18                all persons other than the individuals specified in Paragraph 7 of
19                this Protective Order, as appropriate, leave the deposition room
20                during the portion of the deposition in which Protective Information
21                is disclosed. The failure of such other persons to comply with a
22                request of this type shall constitute substantial justification for
23                counsel of record to advise the witness not to answer the question
24                pending a ruling from the Court on the issue.
25           iii.    Where appropriate in light of the amount of Protected Information
26                likely to be disclosed at a given deposition, counsel of record for
27                the Parties may agree at the beginning of the deposition that the
28                entire transcript shall be designated "CONFIDENTIAL," subject to

PDF created with pdfFactory trial version www.pdffactory.com

1                 review of the transcript and withdrawal of any unnecessary

2                 designation within ten (10) court days of receipt of the transcript.

3     B.     Answers to interrogatories and requests for admission may also be designated

4 confidential by marking the Documents in a manner described in Paragraph 6 of this Order.

5     C.     Notwithstanding Paragraph 7 above, other persons may be shown a specific item

6 of "Protected Information" of the producing party if such persons are either past or present

7 employees of the producing party or identified in that specific item, or on any attachment thereto,

8 as being the author, or as having previously received a copy of an exact duplicate of said specific

9 item.

10     10.     Documents Available for Inspection and Copying

11     A.     Notwithstanding the provisions of Paragraph 6, all Documents and things that are

12 produced for initial inspection prior to copying and delivery shall presumptively be considered to

13 be designated Protected Information marked with the "CONFIDENTIAL" classification and shall

14 be produced for inspection only by persons representing the receiving party who then fall within

15 at least one of the categories permitted under Paragraph 7 above.

16     B.     At the initial inspection of Documents and things, the receiving party shall not

17 make copies of the Documents made available for inspection, and if notes are made therefrom

18 other than a list identifying Documents or things to be copied or otherwise furnished, the notes

19 shall be treated as Protected Information marked with the "CONFIDENTIAL" classification.

20     C.     After the receiving party has selected Documents or things for copying, they shall

21 promptly be sequentially numbered (if not already done), copied, and the copies delivered to the

22 receiving party by the producing party (with the receiving party paying only for the costs of its

23 copy set and delivery of such set).  Before copies are delivered to the receiving party, counsel for

24 the producing party shall designate and mark each page of the Documents and things with the

25 appropriate confidentiality classification — either "CONFIDENTIAL" or "REDACTED &

26 CONFIDENTIAL" — and with the litigation case number ("Case No. 2:07-CV-01989-LEW-JFM

27 (E.D. Cal.)") if and to the extent appropriate in accordance with Paragraph 6 of this Protective

28 Order.  Copies of Documents and things delivered to the receiving party and not so marked shall

PDF created with pdfFactory trial version www.pdffactory.com

be considered thereafter to be outside the restrictions imposed by this Protective Order, except as provided in Paragraph 6.

11. Compliance With Civil Local Rule 39-141

A. All deposition transcripts, exhibits, answers to interrogatories, and other Documents that have previously been designated by a party as comprising or containing Protected Information, or any pleading, brief, or memorandum purporting to reproduce or paraphrase such material, shall be lodged with the Court for filing in accordance with Civil L.R. 39-141.

B. The confidential portions of Documents and things that are accepted for filing under seal by the Court shall be treated in accordance with Civil L.R. 39-141.

12. If the receiving party disagrees with the confidential or redacted status of any Document or other material, or if the receiving party disagrees with the level of confidentiality classification, the receiving party will notify and confer with the producing party to request reclassification of the Document or material.  If no agreement has been reached within ten (10) court days of such notification or a later date if agreed to in writing by the parties, the receiving party may thereafter make a request of the Court for an order reclassifying the confidentiality designation and/or removing such Document or other material from the restrictions of this Order. If such a request is made, the party seeking to maintain a confidentiality classification bears the burden of establishing that the restrictions of this Order apply to such Protected Information.

13. Privileged Information

A. Nothing in this Protective Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does it result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

B. In the event any party claims that it has inadvertently disclosed materials subject to the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, it shall, upon discovery of the inadvertent disclosure, promptly notify the opposing party thereof. Promptly upon receiving such notice, outside counsel for the party who received the allegedly inadvertently-disclosed privileged materials shall sequester all identified materials (including any

PDF created with pdfFactory trial version www.pdffactory.com

1  and all copies) in its offices until the matter has been resolved either by agreement of the parties
2  or by an order of this Court. Counsel shall also take reasonable steps to retrieve the materials if
3  disclosed to anyone else before notification.

4      C.    In the event any party receives materials that on their face appear to be subject to
5  the attorney-client privilege and to have been inadvertently disclosed, the party shall treat the
6  materials in the manner described in Paragraph 13.B) and in addition shall promptly notify the
7  disclosing party.

8      D.    With respect to the application of any claim of privilege or immunity for
9  inadvertently produced materials, if the parties are unable to reach a satisfactory agreement as to
10  the return and/or use of such Documents within ten (10) court days of such notice, the producing
11  party may, within ten (10) court days thereafter, petition the Court on an expedited basis to
12  resolve the matter. If the party alleging an inadvertent disclosure makes an adequate showing,
13  reasonable under the circumstances, of both inadvertence and privilege, the Court shall order all
14  such information returned to the party that inadvertently produced them. The period of time that
15  elapses while a party follows the procedures set forth in this Paragraph 13 for resolving any
16  inadvertent disclosure dispute shall not be considered as a factor in deciding whether a party's
17  delay in attending to the inadvertent disclosure was unreasonable under the circumstances.

18      14.    A third party from whom discovery is sought in this litigation ("the Third Party")
19  may produce Protected Information entitled to the protections afforded by this Order as follows:

20      A.    The Third Party shall be given a copy of this Order;
21      B.    The Third Party shall request, in writing addressed to the propounding
22  party's counsel, the protections afforded by this Order;
23      C.    The Third Party shall produce any Protected Information in the manner
24  described in Paragraphs 6, 9, and/or 10;
25      D.    The Third Party's Protected Information produced in such manner may be
26  disclosed only to the persons identified in Paragraphs 7 and 9.C;
27      E.    Paragraph 12 sets the procedures for disputing classification of material
28  produced by the Third Party;

PDF created with pdfFactory trial version www.pdffactory.com

1  F. The Third Party is entitled to the protections against inadvertent disclosure found in Paragraph 13;

G. Following the termination of this Action, the Third Party's Protected Information shall be treated as described in Paragraph 16; and

H. Before any modification of the Order pursuant to Paragraph 17 that might affect the Third Party's rights under this Order, the Third Party is entitled to notice and an opportunity to object.

15. If Protected Information produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Protected Information and prevent further disclosure of it by the person who was the recipient of such information.

16. Unless otherwise agreed or ordered by the Court, within ninety (90) calendar days after the termination of this Action, Case No. 2:07-CV-01989-LEW-JFM (E.D. Cal.), including any and all appeals therefrom, attorneys for the receiving party shall destroy all Protected Information received from the other parties to this litigation or third parties hereunder, and provide the other parties with written verification of such destruction.  Notwithstanding this provision, outside counsel for each party may maintain for archival purposes one copy of all pleadings, transcripts, exhibits and written discovery responses, including portions designated under this Protective Order.  Prompt written notice shall be given to a party who produced Protected Information hereunder if that party's Protected Information is sought by any person not a party to this litigation, by subpoena in another action, or by service with any legal process.  Any person seeking such Protected Information who takes action to enforce such subpoena or other legal process shall be apprised of this Order.

17. This Order may be changed only by the written agreement of the parties or further order of the Court, and is without prejudice to the rights of a party to seek relief from or variation of any of its provisions.

[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:07-CV-01989-LEW-JFM
sf-2470404

8

PDF created with pdfFactory trial version www.pdffactory.com

18. Subject to Paragraph 16 above, the remaining provisions of this Order, including the obligations to maintain confidentiality embodied herein, shall survive the final disposition of this litigation and continue in full force and effect.

Dated:  May 22, 2008

MORRISON & FOERSTER LLP
BROOKS M. BEARD
DAVID E. MELAUGH
J. RYAN GILFOIL

By:   /s/ Brooks M. Beard
           Brooks M. Beard

Attorneys for Plaintiff SAM BESS

Dated:  May 22, 2008

EDWARD J. CADEN
LAW OFFICE OF EDWARD J. CADEN

By:   /s/ Edward J. Caden
           Edward J. Caden

Attorney for Plaintiff SAM BESS

Dated:

EDMUND G. BROWN JR.
Attorney General of the State of California
JACOB A. APPELSMITH
Senior Assistant Attorney General
ALICIA M. B. FOWLER
Supervising Deputy Attorney General
SCOTT H. WYCKOFF
Deputy Attorney General

By:   /s/
           Scott H. Wyckoff

Attorneys for Defendants RODERICK HICKMAN, JEANNE WOODFORD, JOHN DOVEY, SCOTT KERNAN, and MARTIN HOSHINO

PDF created with pdfFactory trial version www.pdffactory.com

| | |
|---|---|
| Dated: | RANKIN, SPROAT, MIRES, BEATY & REYNOLDS<br>GEOFFREY A. BEATY |
| | By:  /s/<br>         Geoffrey A. Beaty |
| | Attorney for Defendants MATTHEW CATE and DAVID SHAW |

**IT IS SO ORDERED**.

Dated:  May 22, 2008

/s/ John A. Mendez

HON. JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com

[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:07-CV-01989-LEW-JFM
sf-2470404

11

PDF created with pdfFactory trial version www.pdffactory.com

1  **EXHIBIT A**
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATION**

I, _____, residing at _____,

_____, being duly sworn according to law, state as follows:

1. I understand that information or Documents designated "Protected Information" will be provided to me in accordance with the terms and conditions and restrictions of the Protective Order ("Protective Order"), dated _____, entered in the lawsuit styled *Bess v. Cate, et al.*, United States District Court, Eastern District of California, Civil Action No. 2:07-CV-01989-LEW-JFM (the "Litigation");

2. I have been given a copy of and have read and understand the Protective Order, and I hereby agree to be bound by its terms;

3. I further agree that I shall not disclose to others, except in accordance with the terms and conditions of the Protective Order, such Protected Information and that such Protected Information shall be used only for the purposes of the Litigation;

4. I further understand that my obligation to honor the confidentiality of such Protected Information will continue even after the Litigation terminates;

5. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions imposed by the Court for such a failure, including sanctions by way of contempt of court, and a claim for damages by the party producing the Protected Information disclosed to me;

6. For purposes of enforcing this Protective Order, I hereby consent to the jurisdiction of the federal courts and state courts in California, and agree that service by mail or personal service of any notice, order, or proceeding in connection therewith shall be valid service upon me;

7. I certify that the foregoing statements made by me are true and correct under penalty of perjury under the laws of the State of California.

Executed on: _____   By: _____

PDF created with pdfFactory trial version www.pdffactory.com