IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAM BESS,

    Plaintiff,                    No. 2:07-cv-1989 JAM JFM

    vs.

MATTHEW CATE, et al.,

    Defendants.            ORDER TO SHOW CAUSE

                              /

            Plaintiff's application for order to show cause came on regularly for hearing November 20, 2008.  David E. Melaugh, Sara Mahdavi and Brooks M. Beard appeared for plaintiff.  Kristin M. Daily and Scott H. Wyckoff, Deputy Attorneys General, appeared for defendants Hickman, Woodford, Dovey, Kernan and Hoshino.  Upon review of the motions and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

            Plaintiff seeks an order to show cause in re contempt to be issued to nonparty Vincent Schumacher for his failure to respond to a subpoena hand-served on his agent for service of process, Tanya Barnard, at 10111 Old Placerville Road, #200, Sacramento, California  95827 on July 7, 2008.

            Defendants do not contest receiving notice of the subpoena nor do they contest proper service of the subpoena on the nonparty.  Rather, defendants now contend that the

documents sought may be subject to a protective order and redaction, that the nonparty is not the official custodian of records for the California Department of Corrections and Rehabilitation ("CDC-R"), and that the category of documents sought by plaintiff has been sought from other defendants and previously provided herein.

Plaintiff's counsel states that he has reason to believe that the nonparty has custody or control over documents responsive to the categories identified in the subpoena. Plaintiff states the nonparty "may have kept his own copies of relevant investigative documents that may have later been altered by other CDCR or OIG personnel." (Reply at 2.)

Defendants' opposition to issuance of the order to show cause does not deal with the fact that, if there are responsive documents in Vincent Schumacher's possession, the documents are likely to be very relevant to either the prosecution or the defense of this case. In any event defendants' concern about the existing protective order is readily dealt with by placing the documents produced under seal pending *in camera* review by either this court or the district court. Defendants' other arguments simply miss the point. The subpoena was properly served, no motion to quash the subpoena was timely filed, and the nonparty has failed to answer.

The failure to comply with a subpoena "without adequate excuse" is a contempt of court. Fed. R. Civ. P. 45(e). Here, nonparty Vincent Schumacher made no response to the subpoena. Defendants took no action with regard to this nonparty subpoena until responding to the instant application, despite having received notice of the subpoena prior to its service.[1]

Good cause appearing, plaintiff's application for an order to show cause will be granted. Nonparty Vincent Schumacher will be directed to appear on Thursday, December 4, 2008, before the undersigned, at 11:00 a.m. in courtroom #27, to show cause why he should not be held in contempt for his failure to produce the documents required by the July 1, 2008 subpoena. As described in the order clause below, Mr. Schumacher shall either deliver the

---

[1] Defendants were mailed notice of the service of the instant subpoena on or about July 1, 2008, one week before the subpoena was served on the nonparty. (Reply, Ex. 2.)

documents required by the subpoena to the court under seal together with a declaration under penalty of perjury stating that the documents are all the documents in his possession responsive to the July 1, 2008 subpoena or he shall bring all said documents with him to the December 4, 2008 hearing. In either event the documents provided shall be filed under seal until further order of the court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 6, 2008 application for an order to show cause (docket no. 70) is granted;

2. Nonparty Vincent Schumacher shall appear on Thursday, December 4, 2008, before the undersigned, at 11:00 a.m. in courtroom #27, to show cause why he should not be held in contempt for his failure to produce the documents required by the July 1, 2008 subpoena. Nonparty Schumacher shall bring with him any documents responsive to the July 1, 2008 subpoena served on July 7, 2008, unless he tenders the documents to the court prior to the hearing together with his signed declaration as set forth above.

3. Vincent Schumacher is cautioned that failure to comply with this order and to appear at the show cause hearing may result in a finding of civil contempt of court, which can carry with it a monetary fine in the form of a judgment against him. See 18 U.S.C. § 401.

4. Counsel for plaintiff shall forthwith hand-serve a copy of this order on nonparty Vincent Schumacher, along with a courtesy copy of the July 1, 2008 subpoena.

DATED: November 20, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; bess.osc