IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAM BESS,

    Plaintiff,                       No. 2:07-cv-1989 JAM JFM

    vs.

MATTHEW CATE, et al.,           <u>ORDER</u>

    Defendants.

                             /

         Plaintiff's motion to compel discovery came on regularly for hearing November 20, 2008. David E. Melaugh, Sara Mahdavi and Brooks M. Beard appeared for plaintiff. R. Manual Fortes appeared for defendants Cate and Shaw. Kristin M. Daily and Scott H. Wyckoff, Deputy Attorney General, appeared for defendants Hickman, Woodford, Dovey, Kernan and Hoshino. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

         On April 16, 2008 plaintiff served an extensive request to produce documents for inspection and copying on defendants Cate and Shaw. Thereafter plaintiff stipulated to an additional five week extension to respond to the requests for production and copying. On June 26th, six days after the expiration of the extension, defendants Cate and Shaw responded to the requests for production with blanket objections asserting that the requests were:

1

1         (1) overbroad,

2         (2) oppressive,

3         (3) vague and ambiguous,

4         (4) subject to attorney work-product privilege,

5         (5) created prior to November 24, 2004,

6         (6) not in the possession, custody or control of defendants,

7         (7) related to causes of action precluded by the Eleventh

8         Amendment to the Constitution of the United States,

9         (8) seeking documents subject to the attorney-client privilege,

10        (9) seeking documents that were not public records or are protected by California

11        law,

12        (10) not subject to disclosure because defendants entitled to qualified immunity,

13        (11) that personnel records are confidential, and

14        (12) finally, that the documents were protected by an official information privilege

15        and the deliberative process privilege.

16 These defendants produced no documents for inspection and copying.

17                                    ANALYSIS

18         Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may

19 obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of

20 any party. . . " Fed. R. Civ. P. 26(b)(1). In over five hundred pages of repetitive objections

21 defendants have adopted a scorched earth approach to pre-trial discovery in disregard of their

22 obligations. The first three of the objections listed above, overbroad, oppressive, and vague and

23 ambiguous, have little meaning when compared to the requests about which defendants were

24 complaining. Each of these objections will be overruled. The fourth objection is entirely

25 conclusory and makes no sense in the context in which it is used. The fifth objection, "created

26 /////

prior to November 24, 2004," appears to claim that a case based on a pattern and practice cannot be proved by evidence which precedes the injury.  Defendants are wrong.  (Order filed March 14, 2008, at 6-8, Docket No. 30.)

The sixth part of defendants' discovery mantra claims that the documents sought by plaintiff are "not in the possession, custody, or control" of defendants.  However, a party must produce all specified relevant and nonprivileged documents or other things which are in his or her "possession, custody or control."  Fed. R Civ. P. 34(a)(1).  Since the requirement is in the disjunctive ("possession, custody or control"), actual possession of a document is not required.  See In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995).

Defendants' seventh objection, "related to causes of action precluded by the Eleventh Amendment" is probably its most outrageous.  It is wrong for at least four reasons:  it disregards the role of discovery in the federal process; it disregards the firmly established line of federal cases concerning the Eleventh Amendment; it disregards the clear holding in Hafer v. Melo, 502 U.S. 25, 31 (1991)[1]; and it overstates the pay grade of the undersigned.  This court rules on discovery motions, not motions to dismiss.

Defendants' repeated reliance on the attorney-client privilege fails because they did not provide a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).  This court is unable to assess the nature of the documents, communications, or tangible things not produced without benefit of a privilege log.  Failure to provide a privilege log also waives this privilege.  Burlington Northern & Santa Fe Railway Co. v. Kapsner, 408 F.3d 1142, 1149 (9th Cir. 2005)("We hold that

---

[1] "[S]ince Ex parte Young, 209 U.S. 123 [28 S.Ct. 441], 52 L.Ed. 714] (1908)," the court said, "it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law."  Hafer v. Melo, 502 U.S. at 31 (citation omitted).  "[T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983."  Id.  See also Allen v. Woodford, Case No. 1:05-cv-1104 OWW NEW, March 20, 2007 Order (2007 U.S. Dist. LEXIS 24345 at **11-13)(appended to 251 Stip. as Ex. H.).  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Case 2:07-cv-01989-JAM-JFM   Document 78   Filed 11/26/08   Page 4 of 9

boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to support a privilege.")

Defendants' ninth objection is that plaintiff seeks documents that are not public records and cannot be disclosed pursuant to California Penal Code § 6126.3. They further argue that disclosure of OIG information is a misdemeanor under California Penal Code § 6126.4. However, state law privileges are inapplicable to federal claims brought in federal court. See United States v. Zolin, 491 U.S. 554, 562 (1989)("[q]uestions of privilege that arise in the course of the adjudication of federal rights are 'governed by the principles of federal common law'"); Breed v. United States Dist. Ct. for N.D. of Cal., 542 F.2d 1114, 1115 (9th Cir. 1976)(state law not controlling on privilege issues raised in federal court.); White v. Super. Ct., 126 Cal.Rptr.2d 207, 208 (Cal.Ct. App. 2002)(denying OIG's motion to quash subpoena and holding that Cal. Penal Code § 6126.3 does not create a privilege in the OIG's investigative reports).[2]

Defendants' tenth objection that the documents are not subject to disclosure because defendants are entitled to qualified immunity is overruled; defendants again confuse the procedural posture of this case. Their motion to dismiss was denied and discovery is proceeding in federal court under the relevance provisions of Fed. R. Civ. P. 26.

Defendants also claim, in their eleventh objection, that personnel records are confidential. Certainly personnel records contain confidential information. However, the May 23, 2008 protective order makes detailed provision for protecting confidential information. This objection is also overruled.

Finally, defendants' twelfth objection is that the documents are protected by an official information privilege and the deliberative process privilege. These proceedings are
/////

---

[2] As noted by plaintiff, defendant Cate's attempt to lodge this defense, as well as other broad objections, was recently overruled by Judge Mueller in Tillis v. California Office of the Inspector General, Case No. 2:06mc0008 MCE KJM (motion to compel compliance with nonparty subpoena granted). (251 Stip., Ex. M.)

4

governed by principles of federal common law.  See Fed. R. Evid. 501; see also Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975).

It is well-established that the federal "policy favoring open discovery requires that privileges must be 'strictly construed.'"  Dowling v. American Hawaii Cruises, Inc., 971 F.2d 423, 425 (9th Cir. 1992) (quoting University of Pennsylvania. v. EEOC, 493 U.S. 182, 189 (1990)).  The United States Supreme Court has made it clear that an evidentiary privilege is not applied "unless it 'promotes sufficiently important interests to outweigh the need for probative evidence. . . .'"  University of Pennsylvania, 493 U.S. at 198 (quoting Trammel v. United States, 445 U.S. 40, 51 (1980).  "Inasmuch as '[t]estimonial exclusionary rules and privileges contravene the fundamental principles that "the public . . . has a right to every man's evidence,"' id. at 50 [internal citation omitted], any such privilege must 'be strictly construed.'  445 U.S. at 50."  University of Pennsylvania, id.

Rule 26(a)(5)(A) of the Federal Rules of Civil Procedure provides:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(a)(5)(A).  The specific "nature" of the notice required by Rule 26(b)(5) "is explicitly left indeterminate."  Burlington Northern., 408 F.3d at 1147.  "'The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection.'"  Id. at 1147-48 (quoting Rule 26(b)(5) advisory committee's note (1993 Amendments).  However, it is clear that "the 'party must . . . provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection.'"  Id. at 1148 (quoting Rule 26(b)(5) advisory committee note (1993 Amendments).

In <u>Burlington Northern</u>, the United States Court of Appeals for the Ninth Circuit set forth several factors that a court is to consider in determining whether a particular assertion of privilege satisfies the requirements of Rule 26(a)(5)(A):

> the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard. These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process. They should not be applied as a mechanistic determination of whether the information is provided in a particular format. Finally, the application of these factors shall be subject to any applicable local rules, agreements or stipulations among the litigants, and discovery or protective orders.

<u>Id</u>. at 1149.

Defendants have the burden of proving application of each of the asserted privileges. See <u>In re Grand Jury Investigation</u>, 974 F.2d 1068, 1071 (9th Cir. 1992) (attorney client privilege); <u>Cobell v. Norton</u>, 213 F.R.D. 1, 4 (D.D.C. 2003) (deliberative process privilege); <u>Chism v. County of San Bernardino</u>, 159 F.R.D. 531, 532 (C.D.Cal. 1994) (official information privilege); <u>Coastal States Gas Corp. v. Department of Energy</u>, 617 F.2d 854, 866 (D.C.Cir. 1980) (attorney work product). *In camera* inspection of documents by this court "'is not a substitute for the government's burden of proof.'" <u>Maricopa Audubon Society v. U.S. Forest Service</u>, 108 F.3d 1089, 1093 n.2 (9th Cir. 1997)(quoting <u>Church of Scientology of California v. U.S. Department of the Army</u>, 611 F.2d 738, 743 (9th Cir. 1979)). "In cases involving requests for hundreds of documents, no trial court can reasonably be expected to wade through a mass of exhibits *in camera*." <u>Church of Scientology</u>, at 743.

        Here, despite well-established law that parties seeking to invoke such privileges are not permitted to provide mere "blanket objections" to discovery requests, defendants lodged blanket objections to 180 responses contained in both sets of requests for production (excluding only Requests Nos. 7).

        Where, as here, the responding party provides a boilerplate or generalized objection, said "objections are inadequate and tantamount to not making any objection at all." Walker v. Lakewood Condominium Owners Association, 186 F.R.D. 584, 587 (C.D.Cal.1999). See Ritacca v. Abbott Laboratories, 203 F.R.D. 332, 335 n.4 (N.D.Ill. 2001) ("As courts have repeatedly pointed out, blanket objections are patently improper, . . . [and] we treat [the] general objections as if they were never made." (internal citation omitted)). See also U.S. ex rel. Burroughs v. Denardi Corp., 167 F.R.D. 680, 687 (S.D. Cal.1996) ("Generally, a party's failure to serve timely objections to document production requests constitutes waiver of any objections which the party might have to the requests."), citing Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.), cert. dismissed, China Everbright Trading Co. v. Timber Falling Consultants, Inc., 506 U.S. 948, 113 S.Ct. 454 (1992).

        Finding that a party has waived its right to assert a privilege objection due to its conduct (or lack thereof) is a harsh sanction utilized where that party has unjustifiably delayed discovery. Ritacca, 203 F.R.D. at 335. See Eureka Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D. 179, 185 (E.D. Cal.1991). In exercising its discretion, the court must analyze the circumstances of the delay on a case-by-case basis. See id.

> Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver. In contrast, evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver.

Ritacca, 203 F.R.D. at 335 (citations omitted). The Burroughs court found that although a party's failure to serve timely objections to document production requests generally constitutes waiver of any objections which the party might have to the requests, a six-day delay in responding to the

propounding party's requests was not unfair and thus did not equate to a waiver. Id., 167 F.R.D. at 687. On the other hand, the Ritacca court found that the defendant's five-month delay during which time it did not mention its privilege objections to be inexcusable and unjustified. Id., 203 F.R.D. at 336. The court concluded that the defendant's "casual disregard for the discovery rules in this litigation can only be characterized as unjustified, inexcusable, and in bad faith." Id.

Here, plaintiff propounded the requests on April 16, 2008 and granted defendants a five week extension of time. Defendants did not sign their responses until June 26, 2008, ten weeks after the requests were first propounded.

Because defendants failed to provide a privilege log, lodged blanket and dilatory objections, and unreasonably delayed discovery, this court finds they have waived any such privilege. Indeed, defendants admit that their declarants did not review the documents at issue,[3] based solely on their view that all OIG documents are confidential and undiscoverable, even while conceding the court can order OIG documents to be produced. Plaintiff, in an effort to resolve this motion, offered to enter into a stipulation and order, but defendants refused. Defendants also admitted in open court that they have certain documents responsive to these requests, yet failed to produce them, again based on the alleged blanket confidentiality of all OIG documents. Their failure to produce even one document verges on contempt.

The decision to find the privileges waived is further bolstered by the unreasonable position defendants took with respect to the scope of discovery in federal court, even after the district court denied their motion to dismiss and plaintiff cited timely and pertinent citations from this very district. (251 Stipulation, Exs. G, H, I, J, K, L & M.) Additionally, review of the 251 stipulation demonstrates that defendants failed to meet and confer in good faith to resolve this discovery dispute.

---

[3] The declarations for the deliberative process privilege are missing all the elements required under Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal.1987) and Miller v. Pancucci, 141 F.R.D. 292 (C.D. Cal.1992).

1  Each of defendants' objections will be overruled and they shall produce the
documents for inspection and copying without further objection within thirty days.  Defendants are cautioned that failure to comply with this court's order to produce the requested documents may result in the imposition of sanctions, including, but not limited to, an "issue sanction," "evidence sanction," or even a "terminating sanction" as well as additional monetary sanctions. Fed. R. Civ. P. 37(b); United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 602 (9th Cir. 1988)(delay impaired ability to go to trial); see also Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412, 1417 (9th Cir.1990), cert. denied, 498 U.S. 1109, 111 S.Ct. 1019 (1991).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 30, 2008 motion to compel discovery (docket no. 66) is granted.  Defendants shall produce the documents requested for inspection and copying, without further objection, within thirty days from the date of this order.

2. Plaintiff shall file a statement of his reasonable expenses, including attorney's fees, incurred in making the motion pursuant to Fed. R. Civ. P. 37(a)(5)(A), by close of business November 27, 2008.  If defendants wish to be heard on this question, they shall file their position with the Clerk of Court on or before close of business December 4, 2008.

DATED: November 26, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; bess.oah