| | |
|---|---|
| 1 | BROOKS M. BEARD (CA Bar No. 181271)<br>Email: bbeard@mofo.com |
| 2 | DAVID E. MELAUGH (CA Bar No. 219477)<br>Email: dmelaugh@mofo.com |
| 3 | J. RYAN GILFOIL (CA Bar No. 246493)<br>Email: jgilfoil@mofo.com |
| 4 | SARA MAHDAVI (CA Bar No. 245791)<br>Email: smahdavi@mofo.com |
| 5 | MORRISON & FOERSTER LLP<br>425 Market Street |
| 6 | San Francisco, California 94105-2482<br>Telephone: (415) 268-7000 |
| 7 | Facsimile: (415) 268-7522 |
| 8 | EDWARD J. CADEN (CA Bar No. 166922)<br>Email: ejcaden@surewest.net |
| 9 | LAW OFFICE OF EDWARD J. CADEN<br>8217 Manger Way |
| 10 | Citrus Heights, California 95610-0570<br>Telephone: (916) 729-3172 |
| 11 | Facsimile: (916) 723-2596 |
| 12 | Attorneys for Plaintiff SAM BESS |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM BESS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, DAVID SHAW, RODERICK HICKMAN, JEANNE WOODFORD, JOHN DOVEY, SCOTT KERNAN, and MARTIN HOSHINO,<br><br>　　　　　Defendants. | Case No.   2:07-CV-01989-JAM-JFM<br><br>**STIPULATION AND ORDER REGARDING MATERIAL PRODUCED BY VINCENT SCHUMACHER PURSUANT TO SUBPOENA** |

PDF created with pdfFactory trial version www.pdffactory.com

**STIPULATION**

On July 7, 2008, Plaintiff Sam Bess personally served non-party Vincent Schumacher with a subpoena. Mr. Schumacher did not respond. Plaintiff subsequently filed a request for an order to show cause why Mr. Schumacher should not be held in contempt. Judge Moulds issued such an order on November 21, 2008 (Docket No. 77). At a December 4 hearing on the order to show cause, Mr. Schumacher appeared and delivered documents and an audio cassette responsive to the subpoena directly to the Court. Mr. Schumacher also delivered a declaration concerning the documents.

During the course of Plaintiff's motion for an order to show cause, counsel for Roderick Hickman, Jeanne Woodford, John Dovey, Scott Kernan, and Martin Hoshino ("CDCR Defendants") objected that the documents produced by Mr. Schumacher might contain confidential material that should be redacted pursuant to the terms of the parties' Protective Order, to which Mr. Schumacher is not a party.

Owing to these concerns, Judge Moulds concluded the Schumacher material would be best lodged with Judge Mendez as the issuer of the Protective Order. Judge Moulds directed the parties to address any requests for the Schumacher material to Judge Mendez. It is the parties' understanding that Judge Moulds thereafter transferred the Schumacher material to Judge Mendez.

According, Plaintiff and the CDCR Defendants agree as follows:

1. Plaintiff will arrange for a third-party vendor to assist the parties in this matter. The vendor will be provided with a copy of the Protective Order and instructed that, for purposes of this project, it must treat the material discussed below as "Attorneys' Eyes Only" protected.

2. The vendor will retrieve the documents Mr. Schumacher lodged with the Court from Judge Mendez's chambers. The vendor will: (i) copy and place Bates labels on the documents (using "SCHU00001" et seq.), (ii) have that Bates-labeled copy delivered directly to CDCR Defendants' counsel; and (iii) return the original Schumacher documents to the Court.

PDF created with pdfFactory trial version www.pdffactory.com

3. As to the audio cassette produced by Mr. Schumacher, the vendor will make a copy and transcript of the cassette. The vendor will deliver both the copy and the transcript directly to CDCR Defendants' counsel and return the original cassette to the Court.

4. The vendor will make a copy of Mr. Schumacher's declaration and deliver that to CDCR Defendants' counsel and Plaintiff's counsel. The vendor will also disclose to Plaintiff's counsel the Bates range of the Schumacher documents.

5. CDCR Defendants' counsel will review the Schumacher documents and produce a copy to Plaintiff's counsel within twenty-one (21) days of the date CDCR Defendants receive the documents from the vendor. If appropriate, CDCR Defendants' counsel will redact such documents pursuant to the terms of the Protective Order. In the event CDCR Defendants' counsel concludes the material on the audio cassette requires redaction, redaction of the transcript will be sufficient, in which case production of the cassette to Plaintiff's counsel is not necessary at this time.

6. In the event either party requires further access to the original Schumacher material held in the Court's files, the parties will meet and confer then seek appropriate relief from the Court.

Dated: December 9, 2008                    Respectfully submitted,

MORRISON & FOERSTER LLP
BROOKS M. BEARD
DAVID E. MELAUGH
J. RYAN GILFOIL
SARA MAHDAVI


By:   /s/ David E. Melaugh
        David E. Melaugh

LAW OFFICE OF EDWARD J. CADEN
EDWARD J. CADEN

Attorneys for Plaintiff SAM BESS

| | |
|---|---|
| 1 | EDMUND G. BROWN JR. |
| | Attorney General of the State of California |
| 2 | ALICIA M. B. FOWLER |
| | Senior Assistant Attorney General |
| 3 | SCOTT H. WYCKOFF |
| | Supervising Deputy Attorney General |
| 4 | KRISTIN M. DAILY |
| | Deputy Attorney General |

By: /s/ K. Daily (authorized Dec. 9, 2008)
          Kristin M. Daily

Attorneys for Defendants RODERICK HICKMAN, JEANNE WOODFORD, JOHN DOVEY, SCOTT KERNAN, and MARTIN HOSHINO

**ORDER**

**IT IS SO ORDERED.**

Dated: December 10, 2008

/s/ John A. Mendez
Honorable John A. Mendez
United States District Court Judge

STIPULATION & PROPOSED ORDER REGARDING MATERIAL PRODUCED PURSUANT TO SUBPOENA
CASE NO. 2:07-CV-01989-JAM-JFM
sf-2602643

3

PDF created with pdfFactory trial version www.pdffactory.com