1  EDMUND G. BROWN JR.
2  Attorney General of the State of California
   BARBARA J. SEIDMAN
3  Supervising Deputy Attorney General
   SCOTT H. WYCKOFF, State Bar No. 191367
4  Supervising Deputy Attorney General
   KRISTIN M. DAILY, State Bar No. 186103
5  Deputy Attorney General
   1300 I Street, Suite 125
6  P.O. Box 944255
7  Sacramento, CA 94244-2550
   Telephone:  (916) 445-6989
8  Fax:  (916) 324-5567
   Attorneys for Defendants Roderick Hickman, Jeanne
9  Woodford, John Dovey, Scott Kerman, and Martin
10 Hoshino

11             IN THE UNITED STATES DISTRICT COURT

12          FOR THE EASTERN DISTRICT OF CALIFORNIA

13 **SAM BESS,**
                                    Plaintiff       Case No. 2:07-CV-01989-JAM-JFM
14         **v.**
                                                    **SECOND AMENDED PROTECTIVE**
15                                                  **ORDER**
16 **MATTHEW CATE, DAVID SHAW,**
   **RODERICK HICKMAN, JEANNE**
17 **WOODFORD, JOHN DOVEY, SCOTT**
   **KERNAN, and MARTIN HOSHINO,**
18
19                                  Defendant
20

21         1.      Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and it appearing that

22 discovery in this action will involve the disclosure of confidential information, it is hereby

23 stipulated by and between Plaintiff Sam Bess ("Plaintiff") and Defendants Matthew Cate, David

24 Shaw, Roderick Hickman, Jeanne Woodford, John Dovey, Scott Kernan, and Martin Hoshino

25 (together, "Defendants"), collectively referred to as the "Parties" and individually referred to as

26 "Party," through their respective counsel, and ordered that the following Protective Order be

27 entered to give effect to the terms and conditions set forth below1:

28

---

1 This Second Amended Protective Order adds a new paragraph 11 and re-numbers the previously existing
paragraphs sequentially.

Second Amended Protective Order

PDF created with pdfFactory trial version www.pdffactory.com

2.   "Designating Party" means anyone of the Parties producing Documents or information under this Protective Order.

3.   "Document" or "Documents" shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law.

4.   "Protected Information" includes the following categories of information, and shall include Documents produced during discovery, answers to interrogatories, responses to requests for admissions, depositions, hearing or trial transcripts, and tangible things, the information contained therein, and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose such information.

A.   **"CONFIDENTIAL"** designates information that a Designating Party reasonably believes to be confidential due to safety or security reasons, that is not readily available to the public, and/or the disclosure of which is likely to result in imminent or substantial endangerment to an inmate or prison employee.

B.   **"REDACTED & CONFIDENTIAL"** designates information that the Designating Party reasonably believes contains information that must be redacted to protect an inmate or prison employee from imminent and substantial endangerment, or that reflects information that may be protected under various privacy laws. Information that may be redacted includes only: (i) names; (ii) current home addresses; (iii) current home or personal telephone numbers; (iv) social security numbers; and (v) inmate number or other identifying reference. Each redaction must be identified by showing what information has been redacted (i. *e.,* "current address," "current home telephone," "social security number," etc.). If a name is redacted, the name must be replaced with an identifier (*i.e.,* "CSP-SAC Prison Inmate 1, "CSP-SAC Employee 1," "CDCR Official 1," "OIG Official 1," etc.) so that each person can be tracked in the Documents. The identifiers must remain consistent across all Documents.

C.   The designation of information as **"CONFIDENTIAL" or "REDACTED & CONFIDENTIAL"** is limited to information falling into one or more of the following categories:

Second Amended Protective Order

2

PDF created with pdfFactory trial version www.pdffactory.com

i.     Prison, CDCR, or OIG policies, operational procedures, rules, or regulations that have previously been designated as confidential;

ii.    personnel documents;

iii.   post orders;

iv.   investigation documents;

v.    documents contained in the central prison file, medical file, or parole files of an inmate or former inmate;

vi.   any personal information regarding an inmate, former inmate, or staff member employed or formerly employed by the CDCR or OIG;

vii.  information regarding the identity of a confidential informant and confidential investigations; and

viii. the information addressed in Eastern District of California Local Rule 39-140, including minors' names, financial account numbers, social security numbers, and dates of birth.

However, information falling within these categories does not, solely by virtue of that fact, merit designation as "CONFIDENTIAL" or "REDACTED & CONFIDENTIAL." Such information must also meet the criteria described in Paragraphs 4.A and 4.B, respectively, to merit those designations.

     D.    **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"** designates information that a Designating Party reasonably believes contains sensitive and private medical information.

     E.    Protected Information shall not include: (i) information that is in the public domain at the time of disclosure; (ii) information that after disclosure is published or becomes part of the public domain through no fault or action (in whole or in part) of any Party receiving information under this Protective Order, but only after it is published or comes into the public domain; (iii) information that is in the possession of a Party receiving such information without any confidentiality obligations at the time of disclosure; or (iv) information disclosed by a third party without any confidentiality obligations at the time of disclosure.

Second Amended Protective Order

3

5.     This Protective Order shall apply to all Protected Information exchanged by any Party, including, without limitation, Documents, things, other discovery materials, transcripts, depositions, testimony, or other papers produced, filed, generated, or served by a party in this litigation.

6.     All Protected Information produced and designated as confidential hereunder shall have stamped or affixed on each page that contains Protected Information the appropriate confidentiality classification - "CONFIDENTIAL," "REDACTED & CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" - and the designation "Case No. 2:07-CV-01989-JAM-JFM (E.D. Cal.)" at the time such materials, or copies thereof are delivered to the receiving party, or within ten (l0) court days thereafter in the event such labeling or marking is inadvertently omitted. Until ten (10) court days have elapsed after receipt, the reviewing party will treat Documents and things that have been received and that have not been designated "CONFIDENTIAL," "REDACTED & CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as if they had been designated with the "CONFIDENTIAL" or "REDACTED & CONFIDENTIAL" classification. The parties will use due care to designate as Protected Information only Documents or other materials that truly encompass such information.

7.     Disclosure of Protected Information

A.     Protected Information that has been classified as "CONFIDENTIAL" or "REDACTED & CONFIDENTIAL" may be disclosed only to the following:

    i.     outside counsel for the receiving party and their clerical and paralegal staffs and litigation support providers (for example, outside copy services, coding and imaging vendors, graphic art and visual aid providers, or jury consultants) whose duties and responsibilities require access to Protected Information;

    ii.     Mr. Bess and Defendants;

    iii.     experts and consultants who are requested by counsel of the receiving party to furnish technical, legal, expert, or other

Second Amended Protective Order

4

PDF created with pdfFactory trial version www.pdffactory.com

1    specialized services **in** connection with this litigation;

2        iv.    an officer before whom a deposition is taken, including

3    stenographic reporters and any necessary secretarial, clerical, or

4    other lay personnel of such officer; and

5        v.    any other person to whom the parties agree in writing or as allowed

6    by the Court.

7        B.    Protected Information that has been classified as "HIGHLY CONFIDENTIAL

8    ATTORNEYS' EYES ONLY" may be disclosed only to the following:

9        i.    outside counsel for the receiving party and their clerical and

10   paralegal staffs and litigation support providers (for example,

11   outside copy services, coding and imaging vendors, graphic art and

12   visual aid providers, or jury consultants) whose duties and

13   responsibilities require access to Protected Information;

14       ii.    experts and consultants who are requested by counsel of the

15   receiving party to furnish technical, legal, expert, or other

16   specialized services in connection with this litigation;

17       iii.    an officer before whom a deposition is taken, including

18   stenographic reporters and any necessary secretarial, clerical, or

19   other lay personnel of such officer; and

20       iv    any other person to whom the parties agree in writing or as

21   allowed by the Court.

22       8.    No Protected Information shall be provided to any person covered by subparts ii

23   and iii of Paragraph 7A or subpart ii of Paragraph 7B until each such person has been provided

24   with a copy of this Protective Order, reviewed it, and signed the Certification attached hereto as

25   Exhibit A.

26       9.    Designations of Discovery

27       A.    Depositions may be designated as Protected Information in accordance with this

28   Order: (a) in the course of the deposition, orally on the record; or (b) by notifying the other party

Second Amended Protective Order

PDF created with pdfFactory trial version www.pdffactory.com

1  in writing, within ten (10) court days of receipt of the transcript by the parties, of the pages and

2  lines of the transcript that contain the Protected Information.

3          i.     All depositions shall presumptively be treated as Protected

4              Information marked with the "CONFIDENTIAL" designation in

5              accordance with the definition above and subject to this Order

6              during the deposition and for a period of ten (10) court days after a

7              transcript of said deposition is received by the Parties.

8          ii.    Counsel of record for the Designating Party may also request that

9              all persons other than the individuals specified in Paragraph 7 of

10             this Protective Order, as appropriate, leave the deposition room

11             during the portion of the deposition in which Protected Information

12             is disclosed. The failure of such other persons to comply with a

13             request of this type shall constitute substantial justification for

14             counsel of record to advise the witness not to answer the question

15             pending a ruling from the Court on the issue.

16         iii.   Where appropriate in light of the amount of Protected Information

17             likely to be disclosed at a given deposition, counsel of record for

18             the Parties may agree at the beginning of the deposition that the

19             entire transcript shall be designated "CONFIDENTIAL," subject to

20             review of the transcript and withdrawal of any unnecessary

21             designation within ten (10) court days of receipt of the transcript.

22     B.    Answers to interrogatories and requests for admission may also be designated

23 confidential by marking the Documents in a manner described in Paragraph 6 of this Order.

24     C.    Notwithstanding Paragraph 7 above, other persons may be shown a specific item

25 of "Protected Information" of the producing party if such persons are either past or present

26 employees of the producing party or identified in that specific item, or on any attachment thereto,

27 as being the author, or as having previously received a copy of an exact duplicate of said specific

28 item.

Second Amended Protective Order

6

10.     Documents Available for Inspection and Copying

A.     Notwithstanding the provisions of Paragraph 6, all Documents and things that are produced for initial inspection prior to copying and delivery shall presumptively be considered to be designated Protected Information marked with the "CONFIDENTIAL" classification and shall be produced for inspection only by persons representing the receiving party who then fall within at least one of the categories permitted under Paragraph 7 above.

B.     At the initial inspection of Documents and things, the receiving party shall not make copies of the Documents made available for inspection, and if notes are made there from other than a list identifying Documents or things to be copied or otherwise furnished, the notes shall be treated as Protected Information marked with the "CONFIDENTIAL" classification.

C.     After the receiving party has selected Documents or things for copying, they shall promptly be sequentially numbered (if not already done), copied, and the copies delivered to the receiving party by the producing party (with the receiving party paying only for the costs of its copy set and delivery of such set). Before copies are delivered to the receiving party, counsel for the producing party shall designate and mark each page of the Documents and things with the appropriate confidentiality classification - "CONFIDENTIAL," "REDACTED & CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" -- and with the litigation case number ("Case No. 2:07-CV-OI989-JAM-JFM (E.D. Cal.)") if and to the extent appropriate in accordance with Paragraph 6 of this Protective Order. Copies of Documents and things delivered to the receiving party and not so marked shall be considered thereafter to be outside the restrictions imposed by this Protective Order, except as provided in Paragraph 6.

11.     Due to the high cost to CDCR defendants with regard to redacting inmates names from the large number of documents being produced to plaintiff, confidential documents and audio tapes produced by defendants after September 1, 2009 may not have inmates' names redacted.  The parties agree that should the document or audio tape be produced to anyone beside plaintiff and his counsel and their staff, the party seeking such production will redact the inmates' names from the documents and/or audio tapes.  Documents and/or audio tapes produced to experts and consultants, and documents and/or audio tapes produced in Court will have all

Second Amended Protective Order

7

1   inmates' names redacted and the party producing the documents and/or audio tapes will bear the

2   cost of the redacting.

3        12.   Compliance With Civil Local Rule 39-141

4        A.   All deposition transcripts, exhibits, answers to interrogatories, and other

5   Documents that have previously been designated by a party as comprising or containing

6   Protected Information, or any pleading, brief, or memorandum purporting to reproduce or

7   paraphrase such material, shall be lodged with the Court for filing in accordance with Civil L.R.

8   39-14l.

9        B.   The confidential portions of Documents and things that are accepted for filing

10  under seal by the Court shall be treated in accordance with Civil L.R. 39-141.

11       13.   If the receiving party disagrees with the confidential or redacted status of any

12  Document or other material, or if the receiving party disagrees with the level of confidentiality

13  classification, the receiving party will notify and confer with the producing party to request

14  reclassification of the Document or material. If no agreement has been reached within ten (10)

15  court days of such notification or a later date if agreed to in writing by the parties, the receiving

16  party may thereafter make a request of the Court for an order reclassifying the confidentiality

17  designation and/or removing such Document or other material from the restrictions of this Order.

18  If such a request is made, the party seeking to maintain a confidentiality classification bears the

19  burden of establishing that the restrictions of this Order apply to such Protected Information.

20       14.   Privileged Information

21       A.   Nothing in this Protective Order shall in and of itself require disclosure of

22  information that is protected by the attorney-client privilege, work-product doctrine, or any other

23  privilege, doctrine, or immunity, nor does it result in any party giving up its right to argue that

24  otherwise privileged documents must be produced due to waiver or for any other reason.

25       B.   In the event any party claims that it has inadvertently disclosed materials subject

26  to the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or

27  immunity, it shall, upon discovery of the inadvertent disclosure, promptly notify the opposing

28  party thereof.  Promptly upon receiving such notice, outside counsel for the party who received

Second Amended Protective Order

8

PDF created with pdfFactory trial version www.pdffactory.com

the allegedly inadvertently-disclosed privileged materials shall sequester all identified materials (including any and all copies) in its offices until the matter has been resolved either by agreement of the parties or by an order of this Court. Counsel shall also take reasonable steps to retrieve the materials if disclosed to anyone else before notification.

C.    In the event any party receives materials that on their face appear to be subject to the attorney-client privilege and to have been inadvertently disclosed, the party shall treat the materials in the manner described in Paragraph 13.B) and in addition shall promptly notify the disclosing party.

D.    With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement as to the return and/or use of such Documents within ten (l0) court days of such notice, the producing party may, within ten (10) court days thereafter, petition the Court on an expedited basis to resolve the matter. If the party alleging an inadvertent disclosure makes an adequate showing, reasonable under the circumstances, of both inadvertence and privilege, the Court shall order all such information returned to the party that inadvertently produced them. The period oftirne that elapses while a party follows the procedures set forth in this Paragraph 13 for resolving any inadvertent disclosure dispute shall not be considered as a factor in deciding whether a party's delay in attending to the inadvertent disclosure was unreasonable under the circumstances.

15.    A third party from whom discovery is sought in this litigation ("the Third Party") may produce Protected Information entitled to the protections afforded by this Order as follows:

A.    The Third Party shall be given a copy of this Order;

B.    The Third Party shall request, in writing addressed to the propounding party's counsel, the protections afforded by this Order;

C.    The Third Party shall produce any Protected Information in the manner described in Paragraphs 6, 9, and/or 10;

D.    The Third Party's Protected Information produced in such manner may be disclosed only to the persons identified in Paragraphs 7 and 9.C;

/ / /

Second Amended Protective Order

PDF created with pdfFactory trial version www.pdffactory.com

1        E.      Paragraph 12 sets the procedures for disputing classification of material

2  produced by the Third Party;

3        F.      The Third Party is entitled to the protections against inadvertent disclosure

4  found in Paragraph 13;

5        G.     Following the termination of this Action, the Third Party's Protected

6  Information shall be treated as described in Paragraph 16; and

7        H.     Before any modification of the Order pursuant to Paragraph 17 that might

8  affect the Third Party's rights under this Order, the Third Party is entitled to notice and an

9  opportunity to object.

10       16.     If Protected Information produced in accordance with this Order is disclosed to

11  any person other than in the manner authorized by this Order, the party responsible for the

12  disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention

13  of all counsel of record and, without prejudice to other rights and remedies available to the

14  producing party, make every effort to obtain the return of the disclosed Protected Information

15  and prevent further disclosure of it by the person who was the recipient of such information.

16       17.     Unless otherwise agreed or ordered by the Court, within ninety (90) calendar days

17  after the termination of this Action, Case No. 2:07-CY-01989-JAM-JFM (E.D. Cal.), including

18  any and all appeals therefrom, attorneys for the receiving party shall destroy all Protected

19  Information received from the other parties to this litigation or third parties hereunder, and

20  provide the other parties with written verification of such destruction. Notwithstanding this

21  provision, outside counsel for each party may maintain for archival purposes one copy of all

22  pleadings, transcripts, exhibits and written discovery responses, including portions designated

23  under this Protective Order. Prompt written notice shall be given to a party who produced

24  Protected Information hereunder if that party's Protected Information is sought by any person not

25  a party to this litigation, by subpoena in another action, or by service with any legal process. Any

26  person seeking such Protected Information who takes action to enforce such subpoena or other

27  legal process shall be apprised of this Order.

28  / / /

Second Amended Protective Order

PDF created with pdfFactory trial version www.pdffactory.com

1    18.    This Order may be changed only by the written agreement of the parties or further

2 order of the Court, and is without prejudice to the rights of a party to seek relief from or variation

3 of any of its provisions.

4    19.    Subject to Paragraph 17 above, the remaining provisions of this Order, including

5 the obligations to maintain confidentiality embodied herein, shall survive the final disposition of

6 this litigation and continue in full force and effect.

7

8 Dated:    _____, 2009

9                                          MORRISON & FOERSTER LLP
                                           BROOKS M. BEARD
                                           DAVID E. MELAUGH
10                                         J. RYAN GILFOIL
                                           SARA MAHDAVI
11
                                           By:_____
12                                         J. Ryan Gilfoil

13                                         Attorneys for Plaintiff SAM BESS

14

15 Dated:    _____, 2009          EDWARD J. CADEN
                                           LAW OFFICE OF EDWARD J. CADEN
16
                                           By:_____
17                                         Edward J. Caden

18                                         Attorney for Plaintiff SAM BESS

19

20 Dated:    _____, 2009          EDMUND G. BROWN JR.
                                           Attorney General of the State of California
21                                         ALICIA M. B. FOWLER
                                           Senior Assistant Attorney General
22                                         BARBARA J. SEIDMAN
                                           Supervising Deputy Attorney General
23                                         KRISTIN M. DAILY
                                           Deputy Attorney General
24

25                                         By: _____
26                                         KRISTIN M. DAILY

27                                         Attorneys for Defendants RODERICK
                                           HICKMAN, JEANNE WOODFORD, JOHN
28                                         DOVEY, SCOTT KERNAN, and MARTIN
                                           HOSHINO

Second Amended Protective Order

11

PDF created with pdfFactory trial version www.pdffactory.com

1

2

3    Dated: _____, 2009        RANKIN,   SPROAT,   MIRES,   BEATY   &
                                         REYNOLDS
4                                        GEOFFREY A. BEATY
                                         R. MANUEL FORTES
5
                                         By:_____
6                                        R. Manuel Fortes
                                         Attorney for Defendants MATTHEW CATE and
7                                        DAVID SHAW

8
         **IT IS SO ORDERED**
9

10

11   Dated:  September 18, 2009          /s/ John A. Mendez_____
                                         HON. JOHN A. MENDEZ
12                                       UNITED STATES DISTRICT JUDGE

13   10461341.wpd
     SA2008101407

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Second Amended Protective Order

PDF created with pdfFactory trial version www.pdffactory.com