UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM BESS, | Case No. 2:07-CV-01989 JAM-JFM |
| Plaintiff, | |
| v. | ORDER DENYING CDCR DEFENDANTS' MOTION FOR ATTORNEYS' FEES |
| MATTHEW CATE, DAVID SHAW, RODERICK HICKMAN, JEANNE WOODFORD, JOHN DOVEY, SCOTT KERNAN, MARTIN HOSHINO, | |
| Defendants. | |

This matter comes before the Court on Defendants' Roderick Hickman, Jeanne Woodford, John Dovey, Scott Kernan, and Martin Hoshino, all employed in California Department of Corrections and Rehabilitation ("CDCR") (collectively "CDCR Defendants") Motion for Attorneys' Fees (Doc. 237). The CDCR Defendants request attorneys' fees pursuant to 42 U.S.C. § 1988 after prevailing on a Summary Judgment motion against Plaintiff Sam Bess ("Plaintiff"). Plaintiff opposes the motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D.Cal. L.R. 230(g).

1

I.     FACTUAL BACKGROUND

Plaintiff brought a civil rights lawsuit under 42 U.S.C. 1983 and a cause of action under the Racketeer Influenced Corrupt Organizations Act ("RICO") against the five CDCR Defendants and two officials at the Office of Inspector General ("OIG Defendants").  Plaintiff alleged that the California prisons engage in a management practice of using influential inmates, whom Plaintiff labels "peacekeepers," to instill discipline among other inmates in exchange for illegal favors and preferred treatment, including trafficking drugs, pornography and other contraband, and permission to assault or kill other inmates.  Plaintiff alleged that the OIG Defendants conspired with the CDCR Defendants, in violation of RICO, to perpetuate the use of peacekeepers through various acts of retaliation, intimidation, cover-up, tampering and hampering of investigations.

Plaintiff advised the CDCR, the OIG, and/or prison management staff that the use of peacekeepers has resulted in – and will continue to result in – serious threats of actual bodily injury or death to correctional officers and other inmates.  After Plaintiff was involved in an inmate shooting incident that was instigated by a known peacekeeper, resulting in the death of one inmate and severe injuries to another, Plaintiff attempted to follow through on his prior request that CDCR and OIG end the use of peacekeepers within California's prisons.  Plaintiff alleged that his efforts to end the use of peacekeepers resulted in retaliation, harassment, and adverse employment actions.

## II. OPINION

### A. Legal Standard

A prevailing defendant is entitled to attorney fees under 42 U.S.C. § 1988 "only when the plaintiff's claims are unfounded, frivolous, meritless or vexatious." Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 421 (1978)(internal citations omitted). An unfounded, frivolous, meritless, or vexatious lawsuit is one where "the result appears obvious or the arguments are wholly without merit." Galen v. County of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007).

### B. Claims for Fees

#### 1. The Reasonableness of the Claims

The CDCR Defendants argue that Plaintiff's allegations were frivolous and unreasonable because Plaintiff knew that he had not suffered any loss of pay or benefits and any change in duties was necessitated by his shooting (albeit proper) of an inmate. Plaintiff counters that the suit was not frivolous or unreasonable because he presented evidence demonstrating that the CDCR Defendants were each involved in adverse actions against him and he offered expert evidence to support his claims. Plaintiff also points out that he survived a Motion to Dismiss and that even though he lost at summary judgment, the Court noted that the Ninth Circuit might disagree with its ruling.

As discussed supra, a defendant may only collect fees if the plaintiff's claims are "groundless, without foundation, frivolous, or unreasonable." Karam v. City of Burbank, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal citations omitted). The "inability to

defeat summary judgment does not mean that [Plaintiff's] claims were groundless at the outset. Id. at 1196.

The Court agrees with Plaintiff that the case was not groundless, frivolous, or unreasonable. Plaintiff met his burden on the First Amendment issue, however he could not proffer sufficient evidence that he suffered adverse employment actions. Plaintiff presented evidence which he believed demonstrated that the CDCR Defendants were each involved in the purportedly adverse actions against him, including evidentiary documents, deposition testimony, and an expert report from a former CDCR senior administrator. But, as the Court noted during the hearing on the Motion for Summary Judgment, Plaintiff lacked "someone on the inside" who could provide the specificity necessary for the case to continue. March 12, 2010 Hearing Tr. at 69:13. Even though Plaintiff lost at the summary judgment stage, the CDCR Defendants and the Court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421-22. Accordingly, the Defendants' motion for fees because Plaintiff's claims were groundless, frivolous or unreasonable is DENIED.

### 2. High Level Officials: Defendants Hickman, Woodford, Dovey, and Hoshino

The CDCR Defendants argue that even if the Court denies attorneys' fees to Defendant Scott Kernan, Defendants Roderick Hickman, Jeanne Woodford, John Dovey, and Martin Hoshino should prevail on the attorneys' fee motion because they are high level

4

officials and there was no evidence linking them to any of Plaintiff's claims. Plaintiff does not respond specifically to this argument.

These CDCR Defendants do not cite any cases supporting a different standard for high level officials to receive attorneys' fees nor do they provide the Court with any basis for separating out the fees incurred by only these Defendants. The Court declines the request by these individual defendants to consider this motion separately from Defendant Scott Kernan.

### 3. The Reasonableness of the Claims After Discovery

The CDCR Defendants argue that even if this Court finds that Plaintiff's claims were not unreasonably filed, Plaintiff knew at the close of discovery that he did not have any evidence to prove his allegations and it was unnecessary for him to pursue his claim after the close of discovery. Plaintiff argues that he uncovered a large volume of documents, favorable deposition testimony, and submitted a detailed expert report to support his case and therefore it was reasonable for him to believe his evidence would be sufficient to survive summary judgment.

A defendant can recover "if the plaintiff violates [the unreasonable, frivolous, meritless, or vexatious] standard at any point during the litigation, not just at its inception." Galen, 477 F.3d at 666.

The CDCR Defendants rely on Edgerly v. City & County of San Francisco, 599 F.3d 946 (9th Cir. 2010) and Galen, 477 F.3d 652. Both cases affirmed the district court's decision to award attorneys' fees to the defendants for the post-discovery period.

In both cases, the Ninth Circuit awarded fees because after discovery it was "*obvious* [the plaintiff] lacked direct evidence." Galen, 477 F.3d at 667 (emphasis added); see also Edgerly, 599 F.3d at 962 ("it was unreasonable for [Plaintiff] not to dismiss [Defendant] after his deposition confirmed that there was *no basis* for supervisorial liability") (emphasis added).

In contrast to Galen and Edgerly, Plaintiff uncovered and introduced a large volume of documents, deposition testimony, and a detailed expert report to support his case. Even though the Court found that Plaintiff lacked the specific evidence to prove his case and therefore did not survive summary judgment, the facts presented by Plaintiff were sufficient to establish that there was a reasonable basis for him to pursue this case after discovery closed. In short, Plaintiff's claims were not frivolous, unreasonable or without foundation and at no point during the summary judgment stage did the Court so state.

Accordingly, the CDCR Defendants' motion for attorneys' fees post-discovery is also DENIED.

### III. ORDER

For the reasons set forth above,

The CDCR Defendants' motion for attorneys' fees is DENIED.

IT IS SO ORDERED.

Dated: October 22, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

6