UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM BESS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, DAVID SHAW, RODERICK HICKMAN, JEANNE WOODFORD, JOHN DOVEY, SCOTT KERNAN, MARTIN HOSHINO,<br><br>　　　　　Defendants. | Case No. 2:07-CV-01989 JAM-JFM<br><br>ORDER DENYING COSTS FOR CDCR DEFENDANTS |

This matter comes before the Court on Defendants' Roderick Hickman, Jeanne Woodford, John Dovey, Scott Kernan, and Martin Hoshino, all employed in California Department of Corrections and Rehabilitation ("CDCR") (collectively "CDCR Defendants") Bill of Costs (Doc. 226). The CDCR Defendants' request costs as the prevailing party on a Summary Judgment motion against Plaintiff Sam Bess ("Plaintiff"). Plaintiff opposes the request.

　　　　　I.　　FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brought a civil rights lawsuit under 42 U.S.C. § 1983 and a cause of action under the Racketeer Influenced

1

Corrupt Organizations Act ("RICO") against the five CDCR Defendants and two officials at the Office of Inspector General ("OIG Defendants"). Plaintiff lost at Summary Judgment. The Court declined to award attorneys' fees to the CDCR Defendants and the OIG Defendants.

## II. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure § 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." When considering whether to grant costs to the prevailing party in a civil rights case, courts should consider the plaintiff's financial resources and the effect of imposing costs on future civil rights litigants. <u>Stanley v. University of Southern California</u>, 178 F.3d 1069, 1079 (9th Cir. 1999).

### B. Claim for Costs

The CDCR Defendants ask for $46,815.33 in costs. Plaintiff asks the Court not to assess costs because a costs award could have a chilling effect on future civil rights claims, the suit addressed a matter of public importance, and there is an economic disparity between the parties. In the alternative, Plaintiff asks the Court to reduce the cost award to $15,240.07. The reduced award discounts $31,255.26 in costs related to the fees incurred in redacting information and $350 for the new case filing fee which Plaintiff's counsel paid.

Courts have exercised their discretion to deny costs in civil rights cases for reasons such as the losing party's

limited financial resources, <u>National Organization for Women v. Bank of Cal.</u>, 680 F.2d 1291, 1294 (9th Cir. 1982); the case addressed issues of substantial public importance, <u>Association of Mexican-American Educators v. State of California</u>, 231 F.3d 572, 591-93 (9th Cir. 2000); and the concern of a chilling effect on other future civil rights plaintiffs, <u>Stanley</u>, 178 F.3d at 1079.

Here, the Court is concerned about the effect of requiring a civil rights plaintiff with limited resources to pay $46,815.33, or even $15,240.07. Even though Plaintiff did not incur legal fees because he had pro bono counsel and despite his position at the California Department of Corrections and Rehabilitation, assessing thousands of dollars in costs could have a negative effect on other potential civil rights plaintiffs. "[T]he imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation. . . . Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation. . . ." <u>Stanley</u>, 178 F.3d at 1080.

Accordingly, the CDCR Defendants' request for costs is DENIED.

### III. ORDER

For the reasons set forth above,

The CDCR Defendants' motion for costs is DENIED.

IT IS SO ORDERED.

Dated: November 10, 2010

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3